## Petition of DONALD J. FROST.

No. 10978.
Decided June 23, 1965.
403 P.2d 612.

Donald J. Frost, pro se.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Original proceeding.

Donald J. Frost, an inmate of the Montana State Prison, appearing pro se, has filed with this court a petition seeking a writ of habeas corpus and alleges that the sentencing court did not advise him of his right to counsel and, further, that he should have been granted parole or discharge on April 11, 1964, under the applicable statutes, also that he has been additionally confined under a law passed in 1955 which as to him is ex post facto. That by reason of these matters his constitutional rights have been violated.

Since the petition contains no records of either the district court or the prison we have found it necessary to secure such records in order to ascertain the truth of petitioner's contentions. It appears from such records that an information was filed against Frost on the 8th day of August, 1951, in the district court of Yellowstone County, Montana, charging him with the crime of infamous crime against nature, alleged to have been committed on the 15th day of July, 1951. Frost appeared before the district court on August 8, 1951, stated his true name was as stated in the information; the information was read to him and a copy handed to him. He waived the right to counsel, as well as time to plead, and entered a plea of guilty of the offense charged. The court then fixed August 22, 1951, at 10:00 A. M. for pronouncement of sentence and remanded Frost to the custody of the sheriff. The time for sentencing was thereafter continued until October 8, 1951, upon which date he appeared before the district court and was sentenced to a term of fifty years in the state prison.

It further appears from the records that the victim of the crime charged was an eight year old boy. Petitioner admitted that after commission of the crime he had injured the boy severely and being afraid the crime would be discovered he threw the boy in a large irrigation canal and the boy's body was found several days later about twelve miles east of Billings in the canal that petitioner indicated.

■ Since the records disclose that petitioner waived the right of counsel his first contention is not well-taken.

■ As to the second contention, that he should have been granted parole or discharge on April 11, 1964, it is apparent petitioner bases this claim upon section 94-9832, R.C.M.1947, which provides:

"94-9832. *Parole authority and procedure. The board shall release on parole any person* confined in the Montana state prison, except persons under sentence of death, *when in its opinion there is reasonable probability that the prisoner can be released without detriment to himself or to the community,* provided,

"1. That no convict serving a time sentence shall be paroled until he shall have served at least one-quarter ($\frac{1}{4}$) of his full term, less good time allowances off, as provided in section 80-740; except that any convict serving a time sentence may be paroled after he shall have served, upon his term of sentence, twelve and one-half ($12\frac{1}{2}$) years;

"2. No convict, serving a life sentence, shall be paroled until he shall have served twenty-five (25) years, less the good time allowances off, as provided in section 80-740. All paroles shall issue upon order of the board, duly adopted.

"Within two (2) months after his admission and at such intervals thereafter as it may determine, the board shall consider all pertinent information regarding each prisoner, including the circumstances of his offense, his previous social history and criminal record, his conduct, employment and attitude in prison, and the reports of such physical and mental examinations as have been made.

"Before ordering the parole of any prisoner, the board shall have the prisoner appear before it and shall interview him. *A parole shall be ordered only for the best interest of society, not as an award of clemency; it shall not be considered a reduction of sentence or pardon. A prisoner shall be placed on parole only when the board believes that he is able and willing to fulfill the*

*obligations of a law-abiding citizen.* Every prisoner while on parole shall remain in the legal custody of the institution from which he was released, but shall be subject to the order of the board.

"The board may adopt such other rules not inconsistent with law as it may deem proper or necessary, with respect to the eligibility of prisoners for parole, the conduct of parole hearings or conditions to be imposed upon parolees. Whenever an order for parole is issued it shall recite the conditions thereof." (Emphasis ours.)

Petitioner selects that portion of subsection 1 which reads: "except that any convict serving a time sentence may be paroled after he shall have served, upon his term of sentence, twelve and one-half (12½) years," totally disregarding the other provisions contained in the statute, in particular those we have emphasized. Petitioner was not, under the plain provisions of the law, entitled to either his discharge or release on parole after serving 12½ years of his sentence.

Petitioner further complains that he was not given the benefit of the provisions of section 80-739, R.C.M.1947, repealed by the legislature in 1955. We have checked the computation of statutory allowances and good time earned from the records of the state prison and they disclose that petitioner was given the benefit of the provisions of section 80-739, in that under that section he would be entitled to 23 years and 9 months statutory allowance towards reduction of his sentence and this allowance was credited to him on his entry to the prison. His sentence as fixed by the district court would expire on October 11, 2001; applying the provisions of section 80-739 the sentence was computed to expire January 10, 1978, and is so carried on the prison records.

Section 80-740, R.C.M.1947, dealing with the privilege of earning good time not to exceed ten days per month, conditioned upon being employed in the prison and maintaining good conduct in the prison, was amended in 1955, but such

amendment in no way affected the provisions of that section insofar as petitioner was concerned from the way it read in 1951 at the time he entered the prison. There is no merit to his complaint that he has been additionally confined by virtue of an ex post facto law. Since his confinement petitioner has earned good time allowances which have been credited to him. We have checked the computations made by the state prison in this respect and they appear to be correct.

There is, therefore, no merit to any of the contentions raised by petitioner.

For these reasons the writ is denied and the proceeding ordered dismissed.

MR. JUSTICES JOHN C. HARRISON, ADAIR, DOYLE and CASTLES concur.